```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
FRANCISCO BONILLA SOLIS,             |
                                     |
            Petitioner,              |
                                     |      03 cv 7609 (KMW)
    -against-                        |      01 cr 0212 (KMW)
                                     |           ORDER
UNITED STATES OF AMERICA,            |
                                     |
            Respondent.              |
-------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

Francisco Bonilla Solis ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255[1] and a motion to amend that petition to include a claim based on United States v. Booker, 543 U.S. 220 (2005). For the reasons set forth below, both Petitioner's § 2255 petition and his motion to amend are denied.

I.  **Background**

On May 17, 2002, Petitioner, pursuant to a written plea agreement, pled guilty to conspiracy to distribute approximately 40 kilograms of cocaine and 120 grams of heroin. The plea agreement provided for a stipulated Guidelines range of 87 to 120 months' imprisonment.[2] This Court sentenced him to a term of

---

[1] Petitioner, in his § 2255 petition, states that a supportive memorandum of law is "attached hereto." No supportive memorandum of law was attached or filed.

[2] The stipulated Guidelines calculation was based upon: (1) a base offense level of 34, because Petitioner conspired to distribute or possess with intent to distribute 40 kilograms of cocaine and 120 kilograms of heroin; (2) a 3-level reduction for

imprisonment of 87 months, and to a term of supervised release of 60 months. Because Petitioner did not file a notice of appeal, the Court's judgment of conviction became final on August 30, 2002. Petitioner timely filed the instant § 2255 petition, arguing that his conviction should be vacated because his plea was unknowing and involuntary and he "received ineffective counsel during the most critical stages of the proceeding." On January 31, 2005, Petitioner filed a motion to amend his § 2255 petition to include a Booker claim; he wishes to argue that his sentence was imposed based on facts (the amount of drugs involved in his offense) that were not proved to a jury and to which he did not admit during his plea colloquy.

## II. Analysis

### A. The motion to amend is futile

Because Petitioner's judgment of conviction became final before the Supreme Court's decision in Booker, and because Booker is not retroactive, it does not apply. Guzman v. United States, 404 F.3d 139, 143 (2d Cir. 2005). Petitioner's motion to amend is futile and therefore denied.

---

acceptance of responsibility; and an additional 2-level reduction pursuant to U.S.S.G. § 5C1.2. Petitioner's adjusted offense level was 29.

**B.    Petitioner's guilty plea was knowing and voluntary**

Petitioner has provided no evidence to support his contention that his guilty plea was unknowing and involuntary. The transcript of Petitioner's plea colloquy with Magistrate Judge James C. Francis shows that Judge Francis questioned Petitioner extensively to ensure that his plea was voluntary and that he fully understood the charges against him. Plea Tr. 4:8-11:25, May 17, 2002. Because Petitioner has made no specific factual allegation describing how his plea was involuntary or unknowing, this claim is denied.

**C.    Petitioner's counsel was not ineffective**

Petitioner argues that his counsel rendered ineffective assistance by: (1) failing to request a two-level reduction in his offense level on the ground that he was allegedly a minor offender; and (2) by failing to request a continuance of his August 20, 2002 sentence so that he could "receive the benefit of the new guideline Amendment for minor/minimal participants (level 30 as a cap)."

To prevail on an ineffective assistance of counsel claim, Petitioner must show: (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) that Petitioner was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984); see also Kieser v. New York, 56

F.3d 16, 18 (2d Cir. 1995).  Petitioner cannot meet either prong of the <u>Strickland</u> test.

Petitioner has failed to allege any facts that show that his counsel's representation was objectively unreasonable.  His contention that he received ineffective assistance "during the most critical stages of the proceeding" is conclusory and therefore insufficient.  His contentions that counsel was ineffective for failing to seek a minor-role adjustment and for failing to seek an adjournment until after a new Guidelines amendment took effect are deficient because he has alleged no facts to support his argument that he was entitled to a minor-role adjustment.[3]

In light of the foregoing, nothing suggests that Petitioner received deficient representation.  In any event, Petitioner has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland</u>, 466 U.S. at 694.

---

[3] Petitioner also argues that the Court erred when it failed to afford him a reduction in his offense level for being a minor participant.  Petitioner, however, stipulated to the Guidelines calculation in his plea agreement, and sought no minor-participant adjustment at sentencing.  This argument fails as well.

**III. Conclusion**

Accordingly, both Petitioner's § 2255 petition [#1 on 03 cv 7609] and his motion to amend [#233 on 01 cr 212-7] are denied. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

The Clerk of Court is directed to close the civil case associated with this petition [03 cv 7609]. Any pending motions are moot.

SO ORDERED.
Dated:   New York, New York
         April  , 2007

                                    _____
                                    Kimba M. Wood
                                    United States District Judge

Copies of this Order have been mailed to pro se petitioner.

5